In re MULBERRY CORPORATION, Wingate Land Corporation, Mulberry Phosphates, Inc., Nu–Gulf Industries, Inc., Piney Point Phosphates, Inc., Debtors.

Nos. 8:01–bk–02002–ALP to 8:01–bk–02006–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 19, 2007.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtors.

Edwin G. Rice, Glenn Rasmussen Fogarty & Hooker PA, Herbert R. Donica, Paul G. Tellez, Donica Law Firm PA, Tampa, FL, for Trustee.

Benjamin E. Lambers, Timberlake Annex, Tampa, FL, for U.S. Trustee.

### ORDER ON FEDERAL PORT CORPORATION'S VERIFIED MOTION FOR RELIEF FROM ORDER

(Doc. No. 550)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case represents a paradigm of a clash between a specific Bankruptcy Code provision, i.e., Section 363(m), and the property rights of a non-debtor, Federal Port Corporation (Federal Port). Federal Port filed its Verified Motion for Relief from Order (the Relief Motion) pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure. In its Motion, Federal Port seeks relief from this Court's Order Granting Chapter 7 Trustee's Motion for Order Authorizing the Sale of Certain of Debtor's Assets Pursuant to 11 U.S.C. § 363, Free and Clear of Liens and Encumbrances, entered on August 3, 2006 (the Sale Order).

The facts relevant to the Motion under consideration are as follows: On May 7, 1985, Kendrick D. Williams, Dan S. Blal-

ock, Jr., and C. Sumner Quimby, entered into an Easement Agreement with AMAX Chemical Corporation (AMAX). The Easement Agreement granted AMAX a 20–year conveyor-and-pipeline easement over real property then owned by Williams, Blalock, and Quimby. Under the terms of the Easement Agreement, unless AMAX sought an extension prior to May 7, 2005, the Easement Agreement would expire. (Exhibit A of the Relief Motion). Piney Point Phosphate, the Debtor, was AMAX's successor in interest in the real property benefiting from the Easement Agreement.

Sometime in August 2001, Federal Port became the owner of the real property burdened by the Easement Agreement. The property owned by Federal Port is a tract of real estate located between the Piney Point property and the Port of Manatee. Federal Port has constructed numerous warehouses on the property which its customers use for temporary storage when off-loading freight at the Port of Manatee. There are five warehouses completed and occupied, with further development of the property ongoing and nearing completion.

On June 29, 2006, more than one year after the Easement Agreement had expired by its own terms, the Chapter 7 Trustee filed his Sale Motion, in which he sought, among other things, to extend the Easement Agreement for a period of 20 years at an annual rental price of $1.00. The Trustee also sought authority to sell the Piney Point property to HRK Holdings, Inc. (HRK), (Exhibit B of the Relief Motion). The Trustee asserts that the Sale Motion was sent to Federal Port by mail and provided that if Federal Port desired to object to the proposed extension of the Easement Agreement, that Federal Port was required to file a written objection not later than five days prior to the scheduled hearing on the Sale Motion. According to Stanley R. Riggs, the President of Federal Port, he did not receive a copy of the Sale Motion and, therefore, was unable to file an objection to the proposed sale of the property. Riggs further alleges that Federal Port had only three employees, and none of them received the Sale Motion.

On July 5, 2006, the Trustee filed his Notice of Hearing on the Sale Motion which was to be held on July 31, 2006. According to Federal Port, Riggs did not receive the Notice of the Hearing. When the Sale Motion was considered at the hearing held on July 31, 2006, there was absolutely no discussion by Trustee's counsel with respect to the extension of the Easement Agreement. In addition, the Trustee never specifically requested that the Court extend the Easement Agreement, although it was extended in the Sale Order ultimately entered by the Court which approved the Sale Motion. (Exhibit C of the Relief Motion). According to Federal Port, the Easement Agreement was never specifically brought to the Court's attention and no evidence was ever introduced as to the reasonableness of the proposed Easement Agreement extension.

Because Federal Port did not file an objection to the Sale Motion, the Court entered its Order approving the Sale Motion, and the Easement Agreement was extended for 20 years, with a term commencing on the date of the Sale Order at an annual rent of $1, payable upon the date of entry of the Order and each anniversary thereafter for the term of the Easement Agreement. On August 25, 2006, counsel for HRK Holdings, Inc., sent Federal Port a check in the amount of $20.00 for the extension of the Easement Agreement pursuant to the Sale Order. On August 28, 2006, Federal Port returned the check and informed counsel for HRK

that the Easement Agreement had expired.

Federal Port is currently holding a building permit to build another warehouse over the alleged easement. However, in light of the current dispute over the existence of the Easement Agreement, Federal Port is reluctant to commence construction because it fears that to do so would violate the Court's order.

These are the basic facts alleged in the Relief Motion, according to which Federal Port contends that the Sale Order resulted in the taking of Federal Port's real property without due process of law. According to Federal Port, the Easement Agreement expired by its own terms on May 7, 2005, and could not be revived by the Sale Order. Federal Port contends, as supported by Affidavits, that it did not receive actual, verifiable, personal notice of the Trustee's intention to take an interest in Federal Port's property by reviving the Easement Agreement. Therefore, Federal Port seeks relief under Rule 60, which provides that relief from a final judgment, order, or proceeding may be granted for various reasons, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation, or other misconduct of an adverse party; or (3) any other reason justifying the relief from the operation of the judgment. Fed.R.Civ.P. 60(b) (adopted in Bankruptcy by Fed. R. Bankr.P. 9024).

In response to Federal Port's claim that the Sale Motion and Notice of the July 31 hearing were never received, HRK asserts that multiple copies of the documents were sent to the record address of Federal Port's registered agent. While Federal Port was not on the original mailing list, the Trustee used two different mailing lists that included Federal Port. In addition, the check, which Federal Port immediately returned, was mailed to the same address to which the notice of hearing and Sale Motion were sent several times.

Counsel for HRK argues that this Court is foreclosed from considering the Relief Motion and the arguments presented in support of the Relief Motion for several reasons. First, the hearing was only a preliminary hearing and they contend that any evidentiary matters should not be considered by this Court. Second, under Section 363(m) the reversal or a modification of a sale order, unless stayed, cannot affect the rights of a good faith purchaser. According to counsel for HRK, this Court cannot set aside the Easement Agreement that was transferred to it because the Sale Order was never stayed and, under established law, the Order approving a sale under Section 363(m) is final and no longer challengeable. In addition, counsel for HRK contends that the Sale Motion clearly addressed what property rights were affected, and included a bold type reference to Federal Port as the current owners of the property.

According to counsel for HRK, although Section 363(m) applies to a reversal or modification of a sale order on appeal, it equally applies to motions for reconsideration. Also, according to counsel for HRK even in the face of allegations of fraud, courts will not set aside a sale to a good faith purchaser., Judge Posner, writing for the Seventh Circuit in the case of *In the Matter of Met–L–Wood,* 861 F.2d 1012, 1019 (7th Cir.1988), refused to set aside a sale notwithstanding suspicious circumstances. Judge Posner noted that

"[t]he result may seem a harsh one; it may seem to illustrate the penchant of courts (as some would see it) to work injustice through technicalities. But insistence on tight deadlines is not always the sign of a Prussian soul. Unless bankruptcy sales are final when made, rather than subject to being ripped open

years later, high prices will not be offered for assets of bankrupt firms—and the principal losers (pun intended) will be unsecured creditors."

*Id.* at 1019.

Although the case law cited by HRK appears to support its claim that under Section 363(m) there is no basis for the Relief Motion of Federal Port, this Court, as a court of equity, is reluctant to rule at this time in favor of HRK prior to a full development of the facts and law. An in-depth evidentiary hearing should be conducted to examine the actual conduct of the Trustee in attempting to sell or convey an interest in an easement which was defunct for over a year, and the Trustee's attempt to revive the Easement Agreement by inserting the extension in the Sale Order unilaterally without Federal Port's actual knowledge, participation, or agreement.

For the reasons stated above, this Court is satisfied that the ruling on the Relief Motion should be deferred pending a final evidentiary hearing on the circumstances leading up to the entry of the Sale Order which extended the Easement Agreement for a period of 20 years; and the provision of the Order holding that it "shall be binding upon the property described in the Easement Agreement and upon Federal Port Corporation, its predecessors, transferors, transferees and assigns."

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that ruling on Federal Port Corporation's Verified Motion for Relief from Order (Doc. No. 550) be, and the same is hereby, deferred. It is further

ORDERED, ADJUDGED AND DE-CREED that a final evidentiary hearing shall be held on *April 11,* 2007, beginning at *1:30 p.m.* at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, to consider the specific issues referred to above.

DONE AND ORDERED.